IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,803-01






EX PARTE JAMES DEANTA MCINTYRE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM ELLIS COUNTY

IN CAUSE NO. 28672CR

IN THE 40TH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of indecency with a child and sentenced to confinement for twenty-five years. 
Applicant's appeal was dismissed. McIntyre v. State, No. 10-05-00253-CR (Tex. App
--Waco, delivered August 3, 2005, no pet.).

 Applicant contends that he was denied the opportunity to file an appeal. The trial court
has not entered findings of fact or conclusions of law. We believe that Applicant has alleged
facts that, if true, might entitle him to relief. Therefore, it is this Court's opinion that
additional facts need to be developed, and because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court shall resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from counsel, or it may order a hearing. In the appropriate case the trial court
may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant expressed a desire to appeal and whether counsel was timely notified
of his appointment to represent Applicant on appeal. The trial court shall then make findings
of fact as to whether Applicant was denied the opportunity to file an appeal. The trial court
shall also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29th DAY OF MARCH, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.